IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CLIFTON HEAL and ERICA HEAL**                                    **PLAINTIFFS**

vs.                                              No. 5:21-cv-511

**LIMESTONE COUNTRY PROPERTIES,**                                  **DEFENDANTS**
**LLC, and MARIE GABRIEL**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Clifton Heal and Erica Heal ("Plaintiffs"), by and through their attorneys Merideth Q. McEntire and Josh Sanford, and for her Original Complaint against Defendants Limestone Country Properties, LLC, and Marie Gabriel (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiffs sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Texas. Therefore, venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. Plaintiff was employed at Defendant's offices in New Braunfels. Therefore, the acts alleged herein had their principal effect within the San Antonio Division of the Western District and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff Clifton Heal ("Clifton") is an individual and resident of Guadalupe County.

11. Plaintiff Erica Heal ("Erica") is an individual and resident of Guadalupe County.

12. Separate Defendant Limestone Country Properties, LLC ("LCP"), is a domestic, limited liability company.

13. LCP's registered agent for service is Marie Gabriel, 378 Hampshire Street, New Braunfels, Texas 78130.

14. Separate Defendant Marie Gabriel ("Gabriel") is an individual and resident of Texas.

15. Defendant maintains a website at https://www.limestone-country.com/.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17. Defendants own and operate a property management company.

18. Gabriel is a principal, director, officer, and/or owner of LCP.

19. Gabriel took an active role in operating LCP and in the management thereof.

20. Cullum, in her role as an operating employer of RT, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

21. Cullum, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

22. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as computers and office equipment.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

24. Defendant was, at all times relevant hereto, Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Defendant employed Plaintiffs within the three years preceding the filing of this lawsuit.

26. Specifically, Defendant employed Clifton as a Maintenance Technician from July of 2020 until April of 2021.

27. Defendant employed Erica as a Community Manager from August of 2020 until the present.

28. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

29. At all relevant times herein, Defendant directly hired Plaintiffs to work in its facilities, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. At all times material hereto, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA.

31. Plaintiffs regularly worked more than forty hours per week during the relevant time period.

32. Clifton estimates he worked 40 to 50 hours per week.

33. Erica estimates she worked 45 to 55 hours per week.

34. Plaintiffs recorded their time using Defendant's electronic time keeping system.

35. Defendant rarely paid Plaintiffs for hours worked over 40 per week.

36. Defendant did not pay Plaintiffs 1.5x their regular rate for hours worked over 40 each week.

37. In lieu of overtime pay, Defendant paid Plaintiffs "compensatory time" for some hours worked over 40 each week at a 1:1 ratio.

38. Additionally, Erica was regularly required to work hours which went unrecorded and uncompensated.

39. Specifically, Erica was required to work from home and handle emergencies which arose after working hours.

40. Erica estimates she spent approximately two to three hours working off the clock each week.

41. At all relevant times herein, Defendant has deprived Plaintiffs of sufficient overtime compensation for all of the hours they worked over forty per week.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.   FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

43. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 in each week, unless the

employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. During the period relevant to this lawsuit, Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

49. Despite the entitlement of Plaintiffs to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty each week.

50. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

52. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

53. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

54. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

55. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption

requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

56. Despite the entitlement of Plaintiffs to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiffs lawful overtime wages for all hours worked over forty each week.

57. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Clifton Heal and Erica Heal respectfully pray that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendants to pay Plaintiffs prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        **PLAINTIFFS CLIFTON HEAL
and ERICA HEAL**

        SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

        */s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

        */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com